## P. De Cordova v. A. E. Knowles and others.

1. A power of attorney to sell " claims and effects " cannot be construed to authorize the sale of land or real estate.
2. In an action of trespass to try title, the plaintiff, to establish the authority of the agent to convey the land in controversy, offered in evidence a power of attorney from one W. to the agent, to sell all the claims and effects of the said W. in this State. *Held,* as the power of attorney did not authorize the sale of land, it was not error to exclude from the jury both the power of attorney and the deed executed under it—there being no evidence of a subsequent ratification of it by the principal.

APPEAL from Gaudalupe.. Tried below before the Hon. Henry Maney.

There is no occasion for a statement of the facts.

*John Ireland,* for appellant.

*John P. White,* for appellees.

WALKER, J.   In giving a construction to the power of attorney from Whiting to De Cordova, we are of opinion that it gave no authority to sell land.

The words "claims" and "effects" cannot be construed to mean land or real estate; but it was error in the court to exclude the power of attorney and deed made under it, from the jury, if the party offering them in evidence had at the same time offered to prove a ratification by Whiting, of the deed of his attorney, and in their brief, plaintiff's counsel insist·upon this error; but we are unable to find in the bill of exceptions, or in any part of the record, that any offer was made by appellant, or by his counsel, to prove a ratification of the deed by Whiting.

It was the duty of the court to construe the power of attorney; and in the absence of any offer to prove a ratification of the deed made under it, it became the duty of the court to exclude both the power and the deed from the jury.   The judgment is therefore affirmed.

Affirmed.